THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ERNEST T. POTTER, Defendant-Appellant.

Fourth District   No. 4—87—0896

Opinion filed August 25, 1988.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

David B. Shaw, State's Attorney, of Pittsfield (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

In 1985, defendant pleaded guilty to home invasion and intimidation in violation of sections 12—11 and 12—6, respectively, of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 12—11, 12—

6). He was sentenced to a 10-year term of imprisonment for home invasion and a four-year term for intimidation, the terms to be served concurrently. In November 1987, defendant sent a letter to the court entitled "Petition for Release from Confinement." The circuit court of Pike County treated the petition as a petition for post-conviction relief under the authority of the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, pars. 122—1 through 122—8). The court found the petition patently without merit and ordered it dismissed. Defendant appeals. We affirm.

On appeal, defendant does not question the propriety of the trial court's ruling that the petition is without merit. Rather, defendant argues the trial court followed the wrong procedure when dismissing the petition. Defendant submitted his petition unverified and without a proper heading. There is some question as to what defendant's intentions were because the petition he filed does not fit neatly into the box established by the Act. Counsel, on appeal, states in his brief that defendant probably was not "even aware that there is such a thing as a Post-Conviction Hearing Act, or that his letter might be construed as a petition for relief under that Act." Therefore, rather than simply dismissing the petition, defendant argues the court should have notified him of its intention to treat the petition as a post-conviction petition, and then the court should have given defendant an opportunity to comply with the technical requirements of the Act. Defendant argues this procedure should be followed because a defendant will normally be allowed to file only one post-conviction petition. (See *People v. Free* (1988), 122 Ill. 2d 367, 375-76, 522 N.E.2d 1184, 1188.) In effect, defendant argues he should be fully informed of the fact that, barring extraordinary circumstances, he gets one opportunity to identify for the court any constitutional errors that resulted in his incarceration. Where the petition bears no evidence that defendant understood this fact, the trial court should so inform him and give him an opportunity to be sure the petition he is filing is the one he really wants to file.

■ We will not read into the Act an obligation on the part of the courts to educate those seeking relief as to the proper form a petition and supporting documents must take. The current state of the law is to construe the Act liberally, taking into consideration the fact that those submitting petitions are often found to possess a limited education. A *pro se* post-conviction petition "need only contain a simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings." (*People v. Dredge* (1986), 148 Ill. App. 3d 911, 913, 500

N.E.2d 445, 446.) This includes petitions improperly labeled, as well as those inartfully drawn. (See *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479, 484, 292 N.E.2d 379, 382.) Defendant's petition clearly presented a claim sounding in a deprivation of constitutional rights. The substance of the claim was meritless, even though clearly communicated. The trial court had no other avenue to interpret the petition except as a petition for post-conviction relief. Presently, there is no duty on the part of the courts to make sure those filing petitions have read the Act and fully understand the risks inherent in filing a petition for post-conviction relief. We will not create such a duty.

The order of the circuit court of Pike County is affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.