Nos. 2--02--1097 & 2--03--0205 cons. 

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Winnebago County.

)

Plaintiff-Appellee, )

) 

v. ) No. 93--CF--2567

)

DEON L. PEARSON, ) Honorable

) Gerald F. Grubb,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Winnebago County.

)

Plaintiff-Appellee, )

) 

v. ) No. 93--CF--2567

)

DEON L. PEARSON, ) Honorable

) Gerald F. Grubb,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Deon L. Pearson, appeals from the dismissals of his petition for relief under section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2000)) and of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 
et
 
seq
. (West 2000)).  He contends that the dismissal of his section 2--1401 petition under the procedure set out in the Act was reversible error.  We agree and thus reverse the dismissal of his section 2--1401 petition but affirm the dismissal of his petition under the Act.

On June 6, 1994, defendant pleaded guilty to first degree murder (720 ILCS 5/9--1(a)(2) (West Supp. 1993)) pursuant to a plea bargain in which the State agreed to recommend a sentence cap of 40 years.  The admonishments the court gave defendant did not include the information that he would be subject to three years' mandatory supervised release.  See 730 ILCS 5/5--8--1(d)(1) (West 1992).  The court sentenced him to 34 years' imprisonment.  On direct appeal, defendant argued that the court abused its discretion in imposing sentence by relying on "the gravity of the offense" as an aggravating factor.  This court affirmed the sentence.  
People v. Pearson
, No. 2--94--1299 (1996) (unpublished order under Supreme Court Rule 23).

On September 22, 1997, defendant mailed to the trial court a document entitled "petition for post-conviction relief and as an alternative for time cut."  He argued, 
inter
 
alia
, that the court had failed to properly consider his rehabilitative potential in imposing sentence.  The docket sheet states that the trial court "heard and denied" the petition on November 12, 1997, with no parties present, and that the clerk sent a copy of the docket entry to defendant.  No written order is present in the record, and we find no entry for this day in the report of proceedings.

On August 12, 2002, defendant mailed to the trial court a document entitled "Petition for Relief from Judgment."  The petition requested relief pursuant to section 2--1401 of the Code on the basis that the court had not adequately admonished defendant regarding his potential sentence because it did not inform him that he would have to serve 3 years' mandatory supervised release after his 34 years in prison.  The trial court summarily dismissed the petition, finding, 
inter
 
alia
, that it was "in the nature of a Petition for Post-Conviction Relief," that defendant was precluded from filing a second petition, and that his total sentence including the mandatory supervised release did not exceed the agreed cap.  This order was mailed to defendant by certified mail, and the signed receipt card was placed in the record.  Defendant appeals (No. 2--02--1097), arguing that the summary dismissal was improper. 

On January 21, 2003, defendant filed in the trial court a document entitled "Amended Petition for Post-Conviction Relief or in the Alternative for Sentence Reduction."  He alleged that the court had lost his first petition, and he contended that the court had considered improper aggravating factors in imposing sentence.  On January 30, 2003, the trial court "denie[d] the defendant's request for relief & str[uck] it as well as dismisse[d] it."  Defendant appeals this order as well (No. 2--03--0205), but presents no argument for the reversal of the order.  We thus affirm the trial court's judgment in that appeal, and we consider only the claim in appeal No. 2--02--1097. 

There is no question but that the trial court erred in treating defendant's petition under section 2--1401 of the Code of Civil Procedure as one under the Post-Conviction Hearing Act.  Whether the trial court complied with the applicable procedure is a question of law and our review is 
de
 
novo
.  See 
Woods v. Cole
, 181 Ill. 2d 512, 516 (1998).  The Act provides for an initial review in which the trial court determines, without input from either party, whether the petition is frivolous or patently without merit.  If the court so finds, it summarily dismisses the petition without opportunity for the defendant to answer the trial court's contentions or amend the petition.  See 
People v. Bouzidi
, 332 Ill. App. 3d 87, 90 (2002).  In 
People v. Gaines
, 335 Ill. App. 3d 292, 295-96 (2002), we held that summary dismissal is a procedure applicable only to petitions under the Act; it 
cannot
 be applied to petitions under section 2--1401 of the Code.  No equivalent to summary dismissal exists in the Code.

In 
Gaines
, we reversed the procedurally irregular dismissal of a prisoner's section 2--1401 petition.  The trial court had appointed the public defender to represent the defendant and had set a hearing date.  The State filed a "motion to reconsider," the body of which addressed the merits of the defendant's petition.  
Gaines
, 335 Ill. App. 3d at 293.  At the hearing on the motion, the State argued that the court could dismiss the petition 
sua
 
sponte
, and without opportunity for either party to respond, as if it were a postconviction petition.  The public defender stated he had no prior notice of the motion and was unprepared to respond, and, after argument from the State only, the trial court dismissed the petition.  
Gaines
, 335 Ill. App. 3d at 294.  Because the trial court's procedure denied the defendant any meaningful opportunity to respond to what was functionally a motion, we held that the dismissal was error.  We noted the distinctness of petitions under section 2--1401 and the Act:

"Section 2--1401 and the Act both afford procedures for advancing a collateral challenge to a criminal conviction, but they are separate and distinct remedial provisions. Thus, for example, while only constitutional claims are cognizable in a postconviction proceeding [citation], this limitation does not apply in proceedings under section 2--1401 [citation].

More importantly, the particular statutory procedures applicable to petitions under the Act do not apply to section 2--1401 proceedings.  The Act instructs the trial court to independently examine a postconviction petition within 90 days after it is filed.  [Citation.]  ***   The court is directed to summarily dismiss the petition if the court finds that it is 'frivolous or is patently without merit.'  [Citation.]  ***  The Act provides that after the court's summary review counsel may be appointed for indigent defendants.  [Citation.]  In contrast, section 2--1401 has no corresponding provision for independent examination by the trial court, nor is the trial court authorized to summarily dismiss a section 2--1401 petition. Moreover, unlike proceedings under the Act, there is no statutory basis for the appointment of counsel in a section 2--1401 proceeding."  
Gaines
, 335 Ill. App. 3d at 295-96.

The process of judicial review of a petition under the Act--without comment by either party--is a significant and unusual departure from the adversary process. The legislature has mandated that departure in the specific context of the Act.  We see no possible basis for importing such an unusual procedure into matters governed by the Code of Civil Procedure.

In 
Gaines
, we noted that in proper proceedings on a section 2--1401 petition, the opponent of the petition must file a motion to dismiss or else answer it.  
Gaines
, 335 Ill. App. 3d at 296.  Further, "basic notions of fairness dictate that the defendant be afforded notice of, and an opportunity to respond to, any motion or responsive pleading by the State."  
Gaines
, 335 Ill. App. 3d at 296.  Here, since we reject the trial court's characterization of defendant's petition as a postconviction petition, we must characterize the trial court's action as a 
sua
 
sponte
 motion to dismiss.  Basic notions of fairness dictate that defendant be afforded the same notice and opportunity to respond that he would have had if the State had filed the motion to dismiss.   
Peterson v. Randhava
, 313 Ill. App. 3d 1, 12 (2000), citing 
English v. Cowell
, 10 F.3d 434, 437 (7th Cir. 1993).  The trial court's actions here resulted in a complete abrogation of the adversary process.  The error could not be clearer.

The State contends that we can nevertheless affirm the dismissal of the section 2--1401 petition on the grounds that the petition was meritless and the dismissal thus did not prejudice defendant.   We disagree.   In 
Gaines
, we were not faced with this issue because the record on appeal was insufficient to allow us to determine whether there was merit to the issue raised in the defendant's petition.  
Gaines
, 335 Ill. App. 3d at 296-97.  We now conclude that the proceedings by which defendant's petition was dismissed were too far removed from those to which he was entitled for us to hold that he suffered no prejudice.

We must reach this issue because we agree with the State that the claim put forward in defendant's petition is meritless.  Defendant claims that he did not voluntarily enter his guilty plea because the trial court, in violation of Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)), did not inform him that he was subject to three years' mandatory supervised release upon completion of his term of imprisonment.  We will vacate a guilty plea based on an improper admonition regarding penalties only if the errors in the admonition prejudiced the defendant.  
People v. Mendoza
, 342 Ill. App. 3d 195, 201 (2003).  Here, defendant pleaded guilty pursuant to an agreement by which the State agreed to recommend a sentencing cap of 40 years.  The court admonished him that it could give him a sentence of "not less than 20 nor more than 60 [years' imprisonment], but although the Court isn't bound by the State's recommendations, the agreement is to cap it at 40. *** I would not impose a sentence greater than that."  It did not mention a term of mandatory supervised release.  The court sentenced him to 34 years' imprisonment, so that his total term, including 3 years' mandatory supervised release, was less than what the court told him he might receive.  Under these circumstances, we find it hard to conceive of a way in which he could have been prejudiced by the incomplete admonishment.  Adding to the almost certain futility of the petition is the requirement of section 2--1401 that the petition "must be filed not later than 2 years after the entry of the order or judgment" unless "the person seeking relief [was] under legal disability or duress or the ground for relief [was] fraudulently concealed."  735 ILCS 5/2--1401(c) (West 2002).  Defendant filed his petition eight years after the court entered the judgment.  We note, however, that the State might have waived the limitations period.  See 
People v. Pinkonsly
, No. 94644, slip op. at 6-7 (November 20, 2003); 
People v. Pinkonsly
, 331 Ill. App. 3d 984, 986 (2002).

Our determination that the trial court would almost certainly dismiss defendant's petition after proper proceedings is not enough for us to conclude that he was not prejudiced by the grossly improper manner in which his petition was dismissed.  We consider the reasoning of the Supreme Court in 
Sullivan v. Louisiana
, 508 U.S. 275, 124 L. Ed. 2d 182, 113 S. Ct. 2078 (1993), to express the difficulty in determining whether a person has been prejudiced by being subject to a fundamentally incorrect form of proceeding.  The Court held that when a trial court had given a jury improper reasonable-doubt instructions, there had been no "jury verdict" within the meaning of the sixth amendment, and that "[t]here is no 
object
 *** upon which harmless-error scrutiny can operate." (Emphasis in original.)  
Sullivan
, 508 U.S. at 280, 124 L. Ed. 2d at 190, 113 S. Ct. at 2082.  Thus, we can conduct harmless-error analysis only by examining fundamentally proper proceedings and considering whether, if we removed the effect of an error, we would obtain the same result.  Where the error is that the proceedings were of fundamentally the wrong kind, we cannot speculatively recreate the right proceedings to determine what should have been the result. A section 2--1401 petition invokes an adversarial proceeding brought under the Code.  Despite the predictability of the ultimate dismissal of this petition, we think that the procedure by which the trial court dismissed it was simply too far removed from what defendant was entitled to for us to review the matter as if defendant had been given notice and an opportunity to answer.

We note that 
Gaines
 and our current decision appear to conflict
 with a Fourth District case, 
Mason v. Snyder
, 332 Ill. App. 3d 834 (2002).  In that case, the court held that a trial court can dismiss a prisoner's complaint for 
mandamus
 as if it were a petition under the Act.  (Although 
Mason
 concerned a complaint for 
mandamus
, nothing in the court's reasoning made the decision inapplicable to other civil remedies that a prisoner might seek.)  The court held that such power is derived from the trial court's  inherent power to dismiss 
sua
 
sponte
 a complaint for failure to state a cause of action.  
Mason
, 332 Ill. App. 3d at 840.  Although we agree that a trial court has such power (
e.g.
, 
Rhodes v. Mill Race Inn, Inc.
, 126 Ill. App. 3d 1024, 1028 (1984)), and agree that a dismissal under the conditions described is equivalent to a 
sua
 
sponte
 dismissal, we think that the 
Mason
 court erred in neglecting to consider the necessity of notice and the opportunity to respond, which were not at issue in the cases cited by the 
Mason
 court.  Where the absence of notice and the opportunity to respond has been challenged, our courts have found that they are necessary to due process.  See 
Perry v. Minor
, 319 Ill. App. 3d 703, 710 (2001) (reviewing cases where 
sua
 
sponte
 dismissals were reversed because of insufficient notice or opportunity to respond).

Our conclusion here with regard to defendant's procedural rights also conflicts with another Fourth District case, 
People v. Potter
, 174 Ill. App. 3d 217 (1988).
(footnote: 1)  There, the court upheld the summary dismissal of a "Petition for Release from Confinement" which the trial court found to be, in substance, a postconviction petition.  
Potter
, 174 Ill. App. 3d at 218-19.  The defendant argued that he had not intended to file a postconviction petition (and indeed, was unaware that such a mode of relief even existed) and so was ill-prepared to comply with the technical requirements of a petition under the Act.  Further, the recharacterization put him at risk of waiving any other claims he might have included in a document intended to be a petition under the Act.  
Potter
, 174 Ill. App. 3d at 218.  Despite this, the cour
t, citing 
People ex rel. Palmer v. Twomey
, 53 Ill. 2d 479 (1973), held that, because petitions under the Act are to be liberally construed, it was proper to treat the petition as one under the Act.  
Potter
, 174 Ill. App. 3d at 218-19.

The holding in 
Potter
 puts a perverse twist on the teaching of 
Palmer
.  In that case, our supreme court stated:

"It is apparent that the same lack of legal knowledge which causes a prisoner to draft an inadequate post-conviction petition might result in his selecting the wrong method of collaterally attacking his conviction.  A salutary result, consistent with the intent of the [Act] *** would be achieved if the circuit court, upon finding that a 
pro
 
se
 petition, however labeled, and however inartfully drawn, alleged violations of the petitioner's rights cognizable in a post-conviction proceeding, would thereafter, for all purposes, treat it as such.  This practice would enable the issues to be properly framed and the matter adjudicated in one proceeding and with finality."  
Palmer
, 53 Ill. 2d at 484.

To the extent that 
Palmer
 created a 
requirement
 that in some circumstances a trial court treat documents containing the substance of a petition under the Act as a petition under the Act, it has now been abrogated by statute. Pub. Act 89--609, eff. January 1, 1997 (adding 725 ILCS 5/122-1(d)).  Beyond this, we do not think that 
the court intended 
Palmer
 to authorize recharacterization when it leads only to summary dismissal.  
Palmer
 clearly was intended to remove a technical barrier to the provision of relief under the Act to 
pro
 
se
 petitioners.  
Potter
 turns the Act into a trap for the unwary by which the assertion of one constitutional claim can lead to a waiver of any others-- without any opportunity for the defendant to add claims by amendment when the defendant learns that the nature of the proceeding has changed.
(footnote: 2)   See Pub. Act 93--493, eff. January 1, 2004 (adding 725 ILCS 5/122-1(f), which formalizes the rule that a defendant is generally entitled to file only one postconviction petition).

We recognize that defendants may use section 2--1401 petitions (or 
habeas
 
corpus
 petitions or 
mandamus
 complaints) in an attempt to circumvent the restrictions against multiple postconviction petitions.  The approach taken in 
Potter
 may provide an apparent shortcut to the removal of such filings from the trial courts' dockets. It is not an acceptable shortcut.  For defendants who, unlike  defendant here, have never previously filed postconviction petitions, there is real risk of unintentionally waiving valid constitutional claims.  Our supreme court has stated that the intention of the Act is to offer a defendant " 'one complete opportunity to show a substantial denial of his constitutional rights.' "  
People v. Free
, 122 Ill. 2d 367, 376 (1988), quoting 
People v. Logan
, 72 Ill. 2d 358, 370 (1978).  Where an unintentional waiver has occurred, there is no completeness, and a major goal of the Act has been frustrated.  Even for defendants who have previously filed postconviction petitions, we do not accept the expansion of summary dismissal procedure.  Section 122--2.1 of the Act allows summary dismissal of a postconviction only if the allegations in the petition, taken as true and liberally construed, fail to present the gist of a constitutional claim.  See 
People v. Edwards
, 197 Ill. 2d 239, 244 (2001).  We believe that this is the entire scope of the legislatively created nonadversarial proceeding.  

The recharacterization process will inevitably raise issues not within the scope of summary dismissal.  At the very least, it should raise the issue of whether the filing was also cognizable in the form the defendant filed it.  Here, that would mean that the trial court would need to decide whether defendant had shown both a meritorious defense to the charges against him and due diligence in presenting it.  See 
Pinkonsly
, slip op. at 8.  Although there would be no difficulty in concluding that defendant had not demonstrated the existence of a meritorious defense, this issue is not within the scope of issues considered for summary dismissal.  Summary dismissal is so significant a departure from the adversary system that we will not expand it in the slightest.  When a trial court allows a recharacterized petition to proceed to the second stage, in which it appoints counsel for the defendant and the State can bring a motion to dismiss, there is no such problem, as the proceedings are adversarial and counsel can contest the recharacterization, if appropriate. 

For the reasons given, we reverse the judgment of the circuit court of Winnebago County in appeal No. 2--02--1097 and remand the cause for proper proceedings on defendant's section 2--1401 petition.  In appeal No. 2--03--0205, we affirm.

No. 2--02--1097, Reversed and remanded.

No. 2--03--0205, Affirmed.

HUTCHINSON, P.J., and GILLERAN JOHNSON, J., concur.

FOOTNOTES
1:
Yet another Fourth District case, 
Schlemm v. Cowan
, 323 Ill. App. 3d 318 (2001), which involved the dismissal of a petition for 
habeas
 
corpus
, includes 
dicta
 taking a position similar to that in 
Potter
.

2:
The same reasoning that leads us to reject 
Potter
 governs our interpretation of a passage of 
dicta
 in 
Pinkonsly
:

"The defendant does not argue that the trial court should have considered his section 2--1401 petition as a postconviction petition.  See 
People ex rel. Palmer v. Twomey
, 53 Ill. 2d 479, 484 (1973); 
People v. Gandy
, 227 Ill. App. 3d 112, 139 (1992) ([citing 
Palmer
 and 
People v. Riley
, 40 Ill. App. 3d 679, 681 (1976) for the proposition that] '[w]here the section 2--1401 petition is prepared 
pro
 
se
 and alleges a deprivation of constitutional rights cognizable under the Post-Conviction Hearing Act, the trial court is to treat it as such').  Such an argument would fail because, although his initial petition was 
pro
 
se
, his amended petition, which is the subject of this appeal, was prepared by an attorney and clearly brought under section 2--1401."  
Pinkonsly
, slip op. at 8.

We must read this simply to say only that 
Palmer
 does not apply to the facts of the case because an attorney prepared the petition.  To read the reference to 
Gandy
 as mandating recharacterization of all 
pro
 
se
 documents filed as section 2--1401 petitions as postconviction petitions when they state claims that are of constitutional character would twist the remedial character of 
Palmer
 and its progeny.