THIRD DIVISION

SEPTEMBER 30, 2004

1-02-1565

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Respondent-Appellee, ) Cook County.

)

v. ) )

MICHAEL SCHRADER, ) Honorable

) Leo E. Holt,

Petitioner-Appellant. ) Judge Presiding.

JUSTICE HARTMAN delivered the opini
on of the court:

Petitioner, Michael Schrader, appeals from the circuit court’s denial of hi
s 
pro
 
se
 petition for relief from judgment filed pursuant to section 2-1401 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-1401 (West 2002) (section 2-1401).  On appeal, petitioner contends that (1) the court was without authority to summarily dismiss his section 2-1401 petition, (2) his extended-term sentence of 70 years for murder violates 
Ring v. Arizona
, 536 U.S. 584, 153 L. Ed. 2d 435, 122 S. Ct. 2428 (2002) (
Ring
), and (3) his convictions for armed robbery and armed violence are prohibited by the one-act, one-crime doctrine.  This court affirmed the circuit court's denial in a Rule 23 disposition, now withdrawn by separate order.  The original issues petitioner raised on appeal, and those additionally set forth in his petition for rehearing, will be addressed in this opinion.

Following a jury trial in 1983, petitioner was convicted of murder, armed robbery, and armed violence for his involvement in a 1982 store robbery.  He was found eligible for the death penalty, but was sentenced to an extended prison term of 70 years for murder, and to two concurrent 30-year terms for armed robbery and armed violence.  No direct appeal was taken.

Petitioner filed his initial post-conviction petition in 1993, in which he alleged his trial counsel was ineffective for failing to perfect his direct appeal.  The circuit court summarily dismissed the petition, finding petitioner elected to pursue a clemency petition in lieu of a direct appeal.  The Cook County Public Defender's Office filed a motion pursuant to 
Pennsylvania v. 
Finley
, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), which the appellate court granted, affirming the circuit court's first-stage summary dismissal.  
People v. Schrader
, No. 1-93-2255 (1994) (unpublished under Supreme Court Rule 23).  

In September of 2000, petitioner filed a second, successive post-conviction petition, alleging only that his extended-term sentence was in violation of 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000) (
Apprendi
).  In November of 2000, the circuit court summarily dismissed the petition without prejudice, expressly permitting petitioner to re-file his petition in the event 
Apprendi
 were to become applicable to successive post-conviction petitions.  Petitioner sought leave to file a late notice of appeal, which the circuit court denied.

Petitioner filed the instant section 2-1401 petition for relief from judgment in March of 2002, again arguing that his extended-term sentence, based upon the brutal and heinous behavior, was imposed in contravention of 
Apprendi
.  On April 23, 2002, the circuit court summarily dismissed the petition, finding it was barred by the statute of limitations and by non-conformity with the pleading requirements of section 2-1401.  Petitioner timely appeals.

I

Petitioner initially contends the circuit court lacked the statutory authority to summarily dismiss his section 2-1401 petition.  Section 2-1401 provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be challenged more than 30 days after their entry.  
People v. Pinkonsly
, 207 Ill. 2d 555, 562, 802 N.E.2d 236 (2003).  Section 2-1401 provides  remedial powers to criminal cases.  
People v. Harvey
, 196 Ill. 2d 444, 447, 753 N.E.2d 293 (2001).  A section 2-1401 petition requires the circuit court to determine whether facts exist that were unknown to the court at the time of trial, and would have prevented entry of the judgment.  
Pinkonsly
, 207 Ill. 2d at 566.  The dismissal of a section 2-1401 petition is reviewed under an abuse of discretion standard.  
Pinkonsly
, 207 Ill. 2d at 562.

As recognized recently by the first district appellate court in 
People v. Taylor
, No. 1-03-1996, slip op. at 2 (June 24, 2004) (
Taylor
), there is "a dispute among the districts of this court concerning whether a [circuit] court may summarily dismiss [] defendant's section 2-1401 petition 
sua
 
sponte
."  The second district appellate court has held that a circuit court commits reversible error by dismissing a section 2-1401 petition without giving petitioner notice and an opportunity to respond to the dismissal, and a reviewing court may not look beyond this error to assess the merits of the petition.  See 
People v. Mescall
, 347 Ill. App. 3d 995, 808 N.E.2d 1101 (2d Dist. 2004); 
People v. Pearson
, 345 Ill. App. 3d 191, 802 N.E.2d 386 (2d Dist. 2003), appeal allowed, 208 Ill. 2d 535 (2004) (
Pearson
); 
People v. Gaines
, 335 Ill. App. 3d 292, 295-97, 780 N.E.2d 822 (2d Dist. 2002); see also 
People v. Winfrey
, 347 Ill. App. 3d 987, 988-91, 808 N.E.2d 589 (2d Dist. 2004) (summary dismissal of 
habeas
 
corpus
 petition improper); 
People v. Shellstrom
, 345 Ill. App. 3d 175, 176-79, 802 N.E.2d 381 (2nd Dist. 2003), appeal allowed, 208 Ill. 2d 538 (2004) (summary dismissal of 
mandamus
 petition improper). 

 In contrast, the fourth district has reached the opposite conclusion, holding that a circuit court possesses the inherent authority to strike a section 2-1401 petition 
sua
 
sponte
 if it finds the petition to be frivolous and without merit.  See 
People v. Bramlett
, 347 Ill. App. 3d 468, 472-73, 806 N.E.2d 1251 (4th Dist. 2004); 
see also
 
Mason v. Snyder
, 332 Ill. App. 3d 834, 839-43, 774 N.E.2d 457 (4th Dist. 2002) (
summary dismissal of 
mandamus
 petition proper). 

In 
Taylor
, slip op. at 4, the first district expressly declined to follow the second district's holding in 
Pearson
, where the
 court rejected the State's argument that the summary dismissal could be affirmed on grounds that the petition lacked merit and defendant sustained no prejudice.  The 
Pearson
 court reasoned that the "proceedings by which defendant's petition was dismissed were too far removed from those to which he was entitled for us to hold that he suffered no prejudice."  
Pearson
, 345 Ill. App. 3d at 195.  In 
Taylor
, however, the court decided that it "may look beyond any alleged procedural defect *** where defendant's petition raised a pure question of law, was frivolous and completely without merit and no prejudice resulted from the [circuit] court's dismissal."  
Taylor
, slip. op. at 4; see also 
Owens v. Snyder
, No. 1-02-3765 (1st Dist. June 1, 2004) (
summary dismissal of 
mandamus
 petition proper where found to be frivolous and no prejudice incurred by defendant).

In the case 
sub
 
judice
, the relevant holdings and reasoning of the first and fourth district cases will be applied.   Petitioner's section 2-1401 petition raised only a pure question of law - whether his extended-term sentence was in violation of 
Apprendi
.  At the time of the summary dismissal, on April 23, 2002, 
People v. De La Paz
, 204 Ill. 2d 426, 439, 791 N.E.2d 489, (May 8, 2003) (
De La Paz
), was the controlling and dispositive authority on this issue.   
De La Paz
 held that 
Apprendi
 does not apply retroactively to cases on collateral review.  
De La Paz
, 204 Ill. 2d 439.  Therefore, the circuit court applied the law properly in reaching its conclusion that petitioner's 
Apprendi
 challenge was frivolous and without merit. "[E]ven if [petitioner] had been given notice and an opportunity to be heard before the court dismissed his petition, he could not have cured its inherent defects" because he could not allege "any facts in his petition that would circumvent 
De La Paz
 and make his extended-term sentence subject to 
Apprendi
."  
Taylor
, slip. op. at 5.  

On the same day 
Taylor
 was decided, the United States Supreme Court decided 
Schriro v. Summerlin
, ___ U.S. ___, 124 S. Ct. 2519, 2526, 159 L. Ed. 2d 442 (June 24, 2004) (
Schriro
), and 
Blakely v. Washington
, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (June 24, 2004) (
Blakely
).  In his petition for rehearing, petitioner relies on both 
Schriro
 and 
Blakely
, maintaining that his extended-term sentence is unconstitutional.  As these cases concern the constitutionality of sentencing enhancements, they create an additional component to petitioner's specific challenge, thereby differentiating the instant case from 
Taylor
 despite the indistinguishable nature of the claims.  Part II of this opinion addresses petitioner's sentencing challenge in light of these decisions.

II

The indictment in this case charged petitioner with first degree murder, making no mention of his "brutal and heinous" behavior.  The jury found petitioner guilty of murder; the judge found his behavior to be "brutal and heinous," thereby authorizing the imposition of an extended-term sentence.  Under the statutory guidelines in place at the time of petitioner's sentencing, the term of imprisonment for first degree murder was 20 to 40 years' imprisonment (Ill. Rev. Stat. 1981, ch. 38, par. 1005-8-1(a)(1)(a)); however, since the offense was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty (Ill. Rev. Stat. 1981, ch. 38, par. 1005-5-3.2(b)), the circuit court was authorized to impose an extended-term sentence within the range of 40 to 80 years.  Ill. Rev. Stat. 1981, ch. 38, par. 1005-8-2.  Petitioner was sentenced to 70 years.

Petitioner insists that the extended-term portion of his sentence, that which is in excess of the statutory maximum of 40 years, must be vacated since this "enhanced" offense was not charged in the indictment. A

Petitioner's initial argument is premised on 
Ring
, where the United States Supreme Court applied the principle set forth in 
Apprendi
(footnote: -6) to a death sentence imposed under the Arizona sentencing scheme.  The Supreme Court held that because Arizona’s law authorized the death penalty only if an aggravating factor was present, 
Apprendi
 required the existence of such a factor to be proved to a jury rather than to a judge.  
Ring
,  536 U.S. at 603-09.  In both his original and reply briefs, petitioner argued, based on the Ninth Circuit’s holding in 
Summerlin v. Stewart
, 341 F. 3d 1082 (9th Cir. 2003) (
Summerlin
), 
that
 
Ring
 embodied a substantive change in the law and was to be applied retroactively.  Since the filing of petitioner's reply brief, however, the Supreme Court overturned 
Summerlin
, holding that "
Ring
 announced a new procedural rule that does not apply retroactively to cases already final on direct review."  
Schriro
, 124 S. Ct. at 2526.  In his petition for rehearing, petitioner insists that when 
Schriro
 is applied to Illinois law, as opposed to Arizona law, 
Schriro
 requires the retroactive application of 
Ring
.

In persisting with this argument, petitioner neglects to recognize that 
Schriro
's holding - that 
Ring
 is procedural and not retroactive - does not apply solely in the context of Arizona law in which it was rendered, but applies uniformly across the states.   "The Supreme Court of the United States has appellate jurisdiction over federal questions arising either in state or federal proceedings, and by reason of the supremacy clause the decisions of that court on national law have binding effect on all lower courts whether state or federal."  
People v. Battiste
, 133 Ill. App. 2d 62, 65, 272 N.E.2d 808 (1971), quoting 
United States ex rel. Lawrence v. Woods
, 432 F.2d 1072, 1075 (7th Cir. 1970).  Notwithstanding the merits of petitioner's attempt to distinguish Arizona's sentencing scheme from that of Illinois, this court is not empowered to apply 
Ring
 retroactively in the context of Illinois law.  Such an endeavor runs afoul of the mandate of 
Schriro
 and the Supremacy Clause
.  U.S. Const., art. VI, cl. 2.  Whereas it was the Illinois Supreme Court, in 
De La Paz
, which determined 
Apprendi 
would not be applied retroactively in Illinois, here, it is the United States Supreme Court, in 
Schriro
, which has held that 
Ring
 may not be applied retroactively in Illinois or in any other jurisdiction.  Petitioner's sentencing challenge premised on 
Ring
, therefore, is rejected.

B

Also raised in his petition for rehearing is petitioner's sentencing challenge premised on 
Blakely
, under which the standard statutory maximum "is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."  
Blakely
, 124 S. Ct. at 2537.  "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.  When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' [citation] and the judge exceeds his proper authority."  
Blakely
, 124 S. Ct. at 2537.  

Although 
Blakely
 potentially "calls into doubt the constitutionality of such enhancements" (
United States v. Ward
, Nos. 03-2998, 03-2999 (7th Cir., July 23, 2004)), "[t]he Supreme Court has not made the 
Blakely
 rule applicable to cases on collateral review ***."  
Simpson v. United States
, No. 04-2700 (7th Cir., July 16, 2004).  "
Blakely
 itself did not announce that it was applicable retroactively -- and indeed the same-day decision in 
Schriro
 [citation] teaches the strong unlikelihood that 
Blakely
 will hereafter be given retroactive effect."  
United States v. Traeger
, No. 04 C 2685 (N.D. Ill., July 8, 2004); see also 
United States v. Malone
, No. 04 C 50327 (N.D. Ill., August 3, 2004); 
United States v. Lowe
, No.  04 C 50019  (N.D. Ill., August 6, 2004).  Absent any binding authority compelling the retroactive application of 
Blakely
 to cases on collateral review, petitioner's request that this court do so here is declined.  This conclusion takes into consideration our supreme court's ruling, under analogous circumstances, in 
De La Paz
, where the court rejected the retroactive application of 
Apprendi
.

III

Petitioner’s remaining claim on appeal is that the circuit court's entry of convictions for both armed robbery and armed violence are forbidden by the one-act, one-crime doctrine.  Notably, petitioner failed to raise this issue in his section 2-1401 petition before the circuit court, and it is now being raised for the first time in this appeal.  Recently, the supreme court held that "an alleged one-act, one-crime violation and the potential for a surplus conviction and sentence affects the integrity of the judicial process, thus satisfying the second prong of the plain error rule," which allows the review of a waived error if either of the two prongs are satisfied.  
People v. Harvey
, No. 89106, 89760, 90278 cons., slip op. at 15-16  (June 24, 2004)).  A reviewing court may invoke the plain error rule to review alleged errors not properly preserved when (1) the evidence in a criminal case is closely balanced or (2) the error is so fundamental and of such magnitude that the accused is denied the right to a fair trial and remedying the error is necessary to preserve the integrity of the judicial process.  
People v. Lindsey
, 201 Ill. 2d 45, 54, 772 N.E.2d 1268; 134 Ill. 2d R. 615(a).  Since the second prong of the plain error rule is satisfied, petitioner's argument will be addressed on its merits.  See 
Harvey
, slip op. at 16.

In this case, petitioner and another man burst into a store.  Petitioner, who was armed with a shotgun, fired at, and killed Wanda Ortiz.  The men then announced a "stick-up" and told everyone to lie down on the floor.  Petitioner put his foot on the back of the store's owner, Yung Joo, as the other man went to the cash register and grabbed Joo's wife, ordering her to give him money and food stamps from the register.  When Joo lifted up his head, petitioner stomped on Joo's back with his foot, forcing his face to the floor, injuring his eyes and lacerating his nose. 

Petitioner was charged with, and the jury instructed on, armed robbery in that (1) petitioner took currency and food stamps from Joo, that (2) he did so by the use of force or by threatening the imminent use of force, and (3) was armed with a dangerous weapon.  Petitioner also was charged with, and the jury instructed on, armed violence in that he, (1) while armed with a dangerous weapon, (2) committed the felony of aggravated battery by committing a battery on Joo in that he intentionally and knowingly, without legal justification, caused great bodily harm to Joo by kicking him about the body. 

In 
People v. King
, 66 Ill. 2d 551, 363 N.E.2d 838 (1977), the Illinois Supreme Court held that a defendant may not be convicted of multiple offenses when those offenses all are based on precisely the same physical act.  
King
, 66 Ill. 2d at 566.  This holding was reaffirmed and clarified in 
People v. Rodriguez
, 169 Ill. 2d 183, 661 N.E.2d 305 (1996), where it was noted that an analysis under 
King
 requires a two-step examination.  
Rodriguez
, 169 Ill. 2d at 186.  First, a court must ascertain whether defendant's conduct consisted of a single physical act or separate acts; 
"[m]ultiple convictions are improper if they are based on precisely the same physical act."  
Rodriguez
, 169 Ill. 2d at 186.  An "act" is defined as "any overt or outward manifestation which will support a different offense."  
King
, 66 Ill. 2d at 566.  If defendant committed multiple acts, the court then proceeds to the second step to determine whether any of the other offenses are lesser-included offenses; if they are, multiple convictions are improper; however, if they are not, multiple convictions may be entered properly.  
Rodriguez
, 169 Ill. 2d at 186.  

Armed robbery is the commission of robbery while armed with a dangerous weapon.  Ill. Rev. Stat. 1981, ch. 38, par. 18 - 2.  Robbery is the taking of property from the person or presence of another by the use of force or by threatening the imminent use of force.  Ill. Rev. Stat. 1981, ch. 38, par. 18 -1.  A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law, except, 
inter
 
alia
, armed robbery.  Ill. Rev. Stat. 1981, ch. 38, par. 33A - 2.  A person commits aggravated battery, a felony, when, in committing a battery, he intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement.  Ill. Rev Stat. 1981, ch. 38, par. 12 - 4(a). 

The primary inquiry is whether there are separate acts.  The indictment must indicate that the State intends to treat defendant's conduct as separate acts.  See 
People v. Crespo
, 203 Ill. 2d 335, 345, 342, 788 N.E.2d 1117 (2001).  In 
Crespo
, defendant stabbed the victim three times, but the State did not differentiate between the acts in the charging instrument.  The State argued, for the first time on appeal, that each stab was a separate act.  The supreme court noted that each stab "could have" supported a separate charge and the State "could have argued the case to the jury that way" but chose not to do so.  
Crespo
, 203 Ill. 2d at 342-44.  The court found that to apportion the crimes among the three stabs for the first time on appeal would be unfair and concluded that multiple convictions could not be sustained.  
Crespo
, 203 Ill. 2d at 343, 345.

In 
Rodriguez
, the supreme court emphasized that a person can be guilty of two offenses when a common act is part of both offenses.  
Rodriguez
, 169 Ill. 2d at 188.  There, defendant was charged with the offenses of aggravated criminal sexual assault and home invasion.  The aggravated criminal sexual assault count alleged that defendant committed an act of sexual penetration and displayed, or threatened, the victim with a gun. The home invasion count alleged that defendant unlawfully entered the victim's dwelling and threatened her with imminent use of force while armed with a gun. The court found that although these offenses shared in common the act of defendant threatening the victim with a gun, the offenses were predicated on separate physical acts.  As long as there are multiple acts, as defined in 
King
, their interrelationship does not preclude multiple convictions.  
Rodriguez
, 169 Ill. 2d at 189.

Here, petitioner's actions satisfy the elements of armed robbery; he threatened force and took the property of another while armed with a dangerous weapon when he entered the store armed with a shotgun, announced a "stick-up," and took money and food stamps from Joo's cash register.  Other, different acts by petitioner satisfy the elements of armed violence; he committed a felony, aggravated battery, while armed with a dangerous weapon when he kicked Joo in the back while holding a shotgun.  In this way, petitioner committed two separate and distinct acts.  Although the two  offenses have in common the act of petitioner wielding a gun, as long as there are multiple acts, their interrelationship does not preclude multiple convictions.  
Rodriguez
, 169 Ill. 2d at 189.  The fact that the armed violence occurred during the armed robbery also is inconsequential since "[t]wo separate acts do not become one solely because of proximity in time."  
People v. Pearson
, 331 Ill. App. 3d 312, 322, 770 N.E.2d 1183 ( 2002) (
Pearson
), citing 
People v. Myers
, 85 Ill. 2d 281, 287-88, 426 N.E.2d 535 (1981).

Having found the existence of multiple acts, the question becomes whether either offense is a lesser-included offense of the other.  It should be noted that it is impermissible to base a conviction for armed violence on armed robbery (
People v. Cummings
, 1-02-3290, slip op. at 10-11, (June 21, 2004)); however, that impropriety is not presented in the case at bar since petitioner's conviction for armed violence was predicated on aggravated battery, not armed robbery.  To qualify as an included offense, the instrument charging the greater offense must, at a minimum, set out the main outline of the lesser offense.  
People v. McLaurin
, 184 Ill. 2d 58, 104-05, 703 N.E.2d 11 (1998); 
People v. Kolton
, 347 Ill. App. 3d 142, 149, 806 N.E.2d 1175 (2004).  

The indictment here charged petitioner with armed robbery "in that he, by the use of force and by threatening the imminent use of force while armed with a dangerous weapon, took United States currency from the person and presence of Yung Joo."  This charge does not include an essential element of armed violence, 
i.e.
, the commission of "any felony defined by Illinois law, except *** armed robbery."  The indictment also charged petitioner with armed violence "in that he, while armed with a dangerous weapon, to wit: a gun, committed a felony defined by Illinois Law, to wit: aggravated battery, in that he, in committing a battery on Yung Joo, intentionally and knowingly without legal justification caused great bodily harm to said Yung Joo by kicking him about the body with his feet."  This charge does not include an essential element of armed robbery, 
i.e.
, the taking of property from the person or presence of another.  Neither offense is a lesser-included offense of the other.  See e.g., 
People v. White
, 311 Ill. App. 3d 374, 386-87 (2000); 
Pearson
, 331 Ill. App. 3d at 322-23. 

Therefore, in this case, where the State brought separate charges, each of which would support a separate conviction and were not lesser-included offenses of the other, petitioner's convictions for armed robbery and armed violence were proper and must stand.

For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GREIMAN and THEIS, J.J., concur.

FOOTNOTES
-6:
Apprendi v. New Jersey
, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."