446 So.2d 90 (1984)
Sonnie Boy OATS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 60489.
Supreme Court of Florida.
February 23, 1984.
*92 Theodore N. Taylor, Lutz, and Frank T. Johnson, Tampa, for appellant.
Jim Smith, Atty. Gen. and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from a conviction of murder in the first degree and a sentence of death imposed by the Circuit Court for Marion County, Florida. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
On December 20, 1979, Jeanette Dyer, the clerk at the Little Country Store in Martel, Florida, was found on the floor with a head wound. She had no palpable pulse or respiration but she did show a faint heart beat. She died shortly thereafter at the hospital. Cause of death was a single bullet fired from approximately one foot away which penetrated her right eye and her brain. A sum of money was also missing from the store's cash register.
On December 24, 1979, an Ocala policeman observed an automobile with two suspicious looking occupants in the vicinity of a Jiffy Food Store. As the officer approached the car, it sped away at a high rate of speed. The officer gave chase. With lights out, the car entered I-75 and started weaving in and out of traffic at a speed of about one hundred miles an hour. The vehicle exited I-75 and soon crashed. Its occupants were not immediately apprehended, but shortly thereafter one Donnie Williams was arrested as a suspect in the high-speed chase and transported to the Marion County Jail. Upon Williams' arrival at the jail, it developed that Oats was already there inquiring about getting Williams released. Oats was then informed that he was a suspect in the high-speed chase and given Miranda warnings. He also signed a waiver-of-rights form. Oats was then questioned concerning the chase. He admitted his involvement in the chase and stated he would show the police where he had thrown a weapon during the chase. The weapon was found near where Oats said it would be. Oats also admitted his involvement in an ABC liquor store robbery and shooting that had occurred on December 19, 1979, one day prior to the Martel robbery and murder. In that crime, a clerk was robbed and then shot in the right side of the face.
On December 28, 1979, Oats again admitted robbing and shooting the ABC clerk. He then admitted robbing and killing the Martel clerk. He first stated his hand had slipped and the gun had discharged accidentally. He later stated his foot slipped and that the gun had gone off accidentally when it hit the counter. Ballistics tests conducted on the gun recovered from the roadside established that it was the same weapon used in both the ABC and Martel shootings.
In June 1980, Oats was tried in a separate proceeding for the ABC robbery and shooting and was convicted of robbery with a firearm and attempted murder in the first degree. On June 14, 1980, Oats escaped from the Marion County Jail. He was recaptured in Texas in December 1980.
In February 1981, Oats was tried for the Martel robbery and shooting. During the trial, the state introduced similar-fact evidence that related to the ABC robbery and shooting. At this trial, Oats was found guilty of first-degree murder and robbery with a firearm. The jury rendered an advisory sentence of death. The trial court imposed the death sentence for the murder charge and ninety-nine years for the robbery.
On December 23, 1981, while review of the instant case was pending before us, the Fifth District Court of Appeal reversed Oats' conviction for the ABC robbery and attempted murder. Oats v. State, 407 So.2d 1004 (Fla. 5th DCA 1981).[1] The propriety *93 of that action is not before this Court.

I. The Guilt Phase
Appellant asserts six points of error that relate to the guilt phase of the trial. First, he urges that the trial court erred by its failure to suppress his confessions. The argument is that the confessions were not free and voluntary but were extracted by a type of mental coercion. We disagree. Whatever kindness was shown to Oats by the police officers did not rise to the level of improper influence that was held to be error in Brewer v. State, 386 So.2d 232 (Fla. 1980). In addition, Oats' own testimony that he recalled one of the interrogating officers saying to him that they, as police officers, couldn't promise him anything vitiates his argument. See State v. Mullin, 286 So.2d 36 (Fla. 3d DCA 1973).
Appellant next asserts that he was denied a right to a fair and impartial trial by the court's failure to sequester the jury. This argument is clearly without merit. It is within the discretion of the trial judge whether or not to sequester the jury. Fla.R.Crim.P. 3.370(a). The denial of a motion to sequester in a capital case is not an automatic abuse of discretion. The defendant must show that media coverage of his trial or events which preceded it was unfair or unduly pervasive. Ford v. State, 374 So.2d 496 (Fla. 1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980). Oats makes no argument that coverage during the trial was at all harmful; he solely relies upon the amount of pretrial publicity present in Marion County. He details thirteen newspaper articles that mentioned Oats which appeared in the two local newspapers. While if considered in a vacuum the articles may seem to be facially unfair to Oats and the number unduly pervasive, in actuality there is no unfairness or undue pervasiveness. All the articles were straight news stories detailing either Oats' indictment for the crimes, his ABC trial conviction, his escape, his capture, or an incident where Oats started a fire in his cell. All were of a factual nature and none can be characterized as editorials such as were presented in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). There was no demonstration that the reports were highly colored or inflammatory. See Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975). While three of the articles disclosed that Oats had given a confession, none gave any actual excerpts from the confession or featured the confession as a prominent element. And finally, the thirteen articles spanned a period of one full year and thus in no way can be considered pervasive. In any event, the trial court in its discretion felt that due admonition given throughout the course of the proceedings would be sufficient to protect appellant. Due admonition was given. Oats has thus not shown that the trial court abused its discretion in denying his motion to sequester the jury.
Appellant's next issue is related to the issue just discussed. He argues that the trial judge erred by failing to grant a change of venue on the ground that the pretrial publicity was persuasive, inflammatory, and prejudicial. This point has been partially met, supra. In addition, an examination of the voir dire shows that of the jurors who were seated to hear the case, one knew nothing of the case at all and the remainder either only vaguely saw or read "something" about Oats but none remembered any specific details. All stated that they had no fixed opinions of Oats' innocence or guilt, that they could set aside any publicity to which they may have been exposed, and that they could be impartial and fair. It is thus clear that the general state of mind of the inhabitants of Marion County as evidenced by Oats' specific jury panel was not so infected by pretrial knowledge of the case as to preclude a fair and impartial jury. The motion for change of venue was properly denied. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); Murphy v. Florida; Gavin v. State, 259 So.2d 544 (Fla. 3d *94 DCA), cert. denied, 265 So.2d 370 (Fla. 1972).
Appellant next argues that the trial court erred by allowing the introduction of evidence of the ABC crime in the state's case in chief following the introduction of Oats' confession. Oats claims that the testimony of witnesses Mathena, Schore, Stewart, Brackman and LaTorre became a feature of the trial since there remained no material issues of disputed fact in view of the state's having previously introduced the confession to the jury. The use of the ABC witnesses, however, while subsequent to the confession, was relevant to rebut Oats' contention in his confession that the Martel murder was an accident. The evidence was used to show intent, common scheme, and absence of accident. The introduction of evidence of the collateral robbery was thus to address a disputed material issue of fact and hence was permissible under Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Also, a review of the testimony of the five witnesses fails to show that it was a feature of the trial; the testimony was brief and incidental. It thus was not violative of the second Williams case, Williams v. State, 117 So.2d 473 (Fla. 1960). In any event, the trial court read cautionary instructions to the jury two different times concerning the similar fact evidence. These instructions that were given sufficiently distinguished the permissible/impermissible uses of the similar evidence and thus were more than corrective.
Appellant's next trial point requires little discussion. He argues that certain remarks made by the prosecutor during the course of the trial were inflammatory and prejudicial. We have carefully reviewed the record in light of appellant's argument and found that this point is unpersuasive.
Appellant's final trial argument is that the trial court erred in denying Oats' motion for directed verdict of acquittal and new trial and accepting the verdict of guilty of premeditated murder which was claimed to be against the weight and sufficiency of the evidence. This argument also lacks merit. Clearly, premeditation may be proved by circumstantial evidence and the record shows that it was. There was sufficient evidence presented for the jury to convict Oats of premeditated murder. Inferences reasonably drawn from the evidence must not only be consistent with guilt but inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla. 1977). It is apparent that the triers of fact resolved any conflict adversely to appellant thereby finding appellant's story to be unreasonable, and we will not disturb that verdict.
Accordingly, there being no merit to appellant's trial phase arguments, the judgment of guilt is affirmed.

II. The Penalty Phase
Turning to the penalty phase of the trial, we must determine if the sentence of death was appropriate. In his findings of fact, the trial judge found that the state had proven beyond a reasonable doubt six statutorily enumerated aggravating circumstances: Previous conviction of another capital felony or a felony involving the use or threat of violence; the murder was committed while the appellant was engaged in the commission of a robbery; the murder was committed for the purpose of avoiding a lawful arrest; the murder was committed for pecuniary gain; the murder was especially heinous, atrocious or cruel; and the murder was committed in a cold, calculated and premeditated manner. The trial judge found one mitigating circumstance, that the appellant was twenty-two years of age at the time of the murder.
Taking each of these factors in order, it is apparent that the trial court erred in its determination of three of the aggravating circumstances.
In support of the factor of conviction of another capital felony or a felony involving the use or threat of violence, the state introduced evidence of three prior convictions: a burglary in 1976 and the ABC robbery and attempted murder. Burglary is neither a capital felony nor is it per se a felony involving the use or threat of *95 violence. As for the ABC crimes, appellant objected at trial to the introduction of the conviction because Oats had not been sentenced yet and hence his time for appeal had not expired. The reversal of that conviction brings to the Court a question that was reserved in Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981), where we said, "We do not have the problem which would arise from the consideration as an aggravating circumstance of a conviction valid at the time of sentencing, that is subsequently reversed and vacated by an appellate court." 395 So.2d at 499. We now hold that in such a situation the vacated conviction cannot be used as an aggravating factor. Therefore, the trial court was in error in finding this aggravating circumstance present.
We note, however, that appellant has again been convicted of the ABC crimes and that that conviction has been affirmed. Although the use of this aggravating factor was in error at the time it was found, and we therefore disallow it, were we to remand for a new penalty phase trial the jury could properly consider evidence of the later, valid conviction. Because a new jury would be considering essentially the same evidence as was presented to the original jury, we find no reason to resubmit the evidence to a jury. The judge may certainly take this new conviction into consideration when resentencing the defendant.
Concerning the next aggravating factor, that of commission of the crime during a robbery, this must be looked at in tandem with the factor of the crime being committed for pecuniary gain. The state proved both of these factors but the trial court erred by doubling up on them. These two circumstances must be considered cumulative and may not be considered individually when the only evidence that the crime was committed for pecuniary gain was the same evidence of the robbery underlying the capital crime. Perry v. State, 395 So.2d 170 (Fla. 1980); Provence v. State, 337 So.2d 783 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977). Thus, only one aggravating factor may be counted.
As to the factor of avoidance of lawful arrest, we stated in Riley v. State, 366 So.2d 19 (Fla. 1978), that the mere fact of a death is not enough to invoke this section when the victim is not a law enforcement official. "Proof of the requisite intent to avoid arrest and detection must be very strong in these cases." 366 So.2d at 22. Also, it must be clearly shown that the dominant or only motive for the murder was the elimination of witnesses. Menendez v. State, 368 So.2d 1278 (Fla. 1979). We hold that this factor was proven by the state beyond a reasonable doubt by the similar fact evidence of the ABC crime as well as Oats' statements in his confession.
The trial judge found that the murder was especially heinous, atrocious, or cruel. However, as we noted in Kampff v. State, 371 So.2d 1007 (Fla. 1979), a pistol shot straight to the head of the victim does not tend to establish this aggravating circumstance. Here, the state has failed to introduce any other evidence to prove this circumstance.
Finally, the trial judge found as aggravation that the crime was committed in a cold, calculated and premeditated manner. The state introduced enough evidence to show that this capital felony was indeed committed in a cold, calculated and premeditated manner. The fact that Oats, within a day of the ABC liquor store robbery-attempted murder, had shot and killed the clerk at the Martel convenience store clearly supports this finding.
In sum, then, this Court finds that the trial judge erred in three of his findings of aggravating circumstances. We find that the state proved beyond a reasonable doubt only that the crime occurred during the commission of a robbery, was committed for the purpose of avoiding lawful arrest, and was cold, calculated and premeditated. Because the judge weighed three impermissible aggravating factors, in addition to the three permissible ones, against *96 the single mitigating factor of Oats' age, we cannot know if the result would have been different if the impermissible factors had not been present.
Accordingly, while we affirm the judgment of conviction, the sentence of death is set aside and this cause is remanded to the trial court for entry of a new sentencing order in accordance with the views expressed herein.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs in the conviction, but dissents from the sentence.
NOTES
[1] On February 9, 1982, Oats was again convicted of the ABC robbery and attempted murder. That conviction was subsequently per curiam affirmed by the Fifth District Court of Appeal. Oats v. State, 434 So.2d 905 (Fla. 5th DCA 1983).