472 So.2d 1143 (1985)
Sonny Boy OATS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 65381.
Supreme Court of Florida.
April 25, 1985.
Rehearing Denied August 16, 1985.
James B. Gibson, Public Defender and Christopher S. Quarles, Chief, Capital Appeals, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida, for appellant.
Jim Smith, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, Florida, for appellee.
EHRLICH, Justice.
We review the imposition of the death sentence in this case pursuant to jurisdiction granted in article V, section 3(b)(1), Florida Constitution.
Oats was found guilty of first-degree murder and the jury recommended the death penalty. The trial court sentenced Oats to death. On appeal, this Court affirmed the conviction, but held that three of the six aggravating factors found by the trial court were erroneous. The case was remanded to the trial court for entry of a new sentencing order. Oats v. State, 446 So.2d 90 (Fla. 1984).
At the sentencing hearing on remand, Oats's attorney asked that the trial court appoint experts to determine Oats's sanity. The court refused and denied a motion to impanel a jury. The court found that Oats had previously been convicted of another violent felony,[1] that the murder occurred *1144 during commission of a robbery, that the murder was committed to avoid lawful arrest, and that the murder was cold, calculated and premeditated. Oats was again sentenced to death.
Oats first attacks the propriety of the trial court's refusal to appoint a panel of experts to determine his sanity at the time of sentencing. Defense counsel's representation that Oats might not be competent to be sentenced, pursuant to Florida Rule of Criminal Procedure 3.720(a)(1), was based on communication he had had with Oats. The substance of this communication could not be revealed because of the attorney-client privilege. As additional evidence of Oats's mental state, defense counsel relied on expert testimony presented during the trial concerning Oats's mental state.
Oats took the witness stand and, under questioning by the state and the defense, revealed adequate orientation as to time and place, but he professed confusion as to the exact nature of the proceeding facing him. The trial court refused to appoint the experts.
Florida Rule of Criminal Procedure 3.740(a) conditions the postponement of sentencing on "the Court [having] reasonable ground to believe that the defendant is insane." The trial court here rejected the evidence presented at trial as reasonable grounds for believing Oats was insane because that evidence had affirmatively supported Oats's sanity. The court also found no reasonable ground in Oats's testimony at the hearing. Thus, the narrow issue before this Court is whether the trial court abused its discretion by refusing to appoint experts to examine the defendant when the only evidence of defendant's possible insanity is the defense counsel's unsupported suggestion that defendant is not presently sane. We hold it did not.
The clear language of the rule requires the court to find "reasonable ground" for believing the defendant is insane. This rule differs materially from Florida Rule of Criminal Procedure 3.210, which requires the court to appoint experts when defense counsel (or the state) files a written motion suggesting defendant may be incompetent to stand trial. Rule 3.740 also differs from Florida Rule of Criminal Procedure 3.216, which requires the court to appoint an expert to consult with the defense if defense counsel has reason to believe defendant may have been insane at the time of the offense. Rules 3.210 and 3.216 clearly remove all discretion from the trial court and require it to rely upon representations of defense counsel, without more.
In State v. Hamilton, 448 So.2d 1007 (Fla. 1984), we explained the courts' lack of discretion in appointing psychiatric experts prior to trial:
Any inquiry into counsel's basis to believe that his indigent client is incompetent to stand trial or was insane at the time of the offense also impermissibly subjects the indigent defendant to an adversary proceeding concerning issues which may be litigated in the trial of the cause.
Id. at 1008-09. At the time a suggestion of insanity is raised pursuant to rule 3.740, all issues have been litigated and determined. At that point, the court properly has the responsibility to determine the reasonableness of the ground to believe defendant may be insane. Such a determination does not interfere with the defendant's right to effective assistance of counsel in the preparation and defense of his case.
Nothing in our holding on this issue should be taken as impugning the good faith representation of defense counsel in this matter. We hold, however, that the burden is on the trial court, in light of all the evidence before it, to determine whether, in the court's opinion, reasonable grounds exist to support the appointment of experts. There was no abuse of that discretion here.
Appellant also asserts that the trial court erred in failing to impanel a jury to *1145 rehear evidence and to make a recommendation as to the proper sentence. Quite the contrary, the trial court correctly interpreted and applied our instructions:
Because a new jury would be considering essentially the same evidence as was presented to the original jury, we find no reason to resubmit the evidence to a jury... . Accordingly, ... this cause is remanded to the trial court for entry of a new sentencing order in accordance with the views expressed herein.
Oats, 446 So.2d at 95, 96.
Finally, appellant challenges the appropriateness of the death penalty in this case. The trial court properly found four aggravating factors and weighed them against the single mitigating circumstance. The sentence of death is not inappropriate here. We have also compared this case to similar cases and find the sentence is proportionally applied on these facts.
We therefore affirm the sentence of death.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
NOTES
[1] Oats had, at the time of the original trial, been found guilty of attempted first-degree murder during another robbery. The trial court, relying on that conviction, had found this aggravating factor. That conviction was later overturned, Oats v. State, 407 So.2d 1004 (Fla. 5th DCA 1981), nullifying that aggravating factor. On retrial, Oats was convicted of attempted second-degree murder; that conviction was affirmed. Oats v. State, 434 So.2d 905 (Fla. 5th DCA 1983).