638 So.2d 20 (1994)
Sonny Boy OATS, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Sonny Boy OATS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74194, 77645.
Supreme Court of Florida.
March 31, 1994.
Rehearing Denied June 13, 1994.
Michael J. Minerva, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR and Susan Hugins Elsass, Staff Atty., Tallahassee, for petitioner/appellant.
Robert A. Butterworth and Ralph Barreira, Asst. Atty. Gen., Miami, for respondent/appellee.
PER CURIAM.
Sonny Boy Oats, a prisoner on death row, petitions this Court for writ of habeas corpus and appeals the trial court's denial of his motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.; Fla.R.Crim. P. 3.850. We deny the petition and affirm the trial court's denial of relief.
A jury convicted Oats of the December 1979 robbery of a convenience store and the first-degree murder of the store clerk, and the trial court, agreeing with the jury's recommendation, sentenced Oats to death. This Court affirmed the conviction, but remanded for resentencing because the judge erred in his consideration of the aggravating circumstances. Oats v. State, 446 So.2d 90 (Fla. 1984). The trial court reweighed the valid aggravators against a single mitigator and reimposed the death penalty, which this Court affirmed. Oats v. State, 472 So.2d 1143 (Fla.), cert. denied, 474 U.S. 865, 106 S.Ct. 188, 88 L.Ed.2d 157 (1985).
*21 In October 1987 Oats filed a postconviction motion raising the following issues: 1) denial of independent and competent assistance of mental health experts; 2) violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); 3) trial court erred in not suppressing Oats' statement and counsel was ineffective regarding the suppression issue; 4) counsel was ineffective for not developing Oats' lack of mental capacity and for failing to request an instruction on voluntary intoxication; 5) counsel was ineffective for not developing and presenting more mitigating evidence; and 6) error regarding the aggravators. After the governor signed Oats' death warrant in April 1989, the state filed a response to Oats' rule 3.850 motion. The trial court granted an indefinite stay, denied the second and sixth issues as procedurally barred, and scheduled an evidentiary hearing on the remaining issues. At that hearing Oats presented testimony from seven mental health experts and from several family members. The state presented testimony from a psychiatrist, two psychologists, a prison medical technician, and several correctional officers. After the hearing, the court denied all requested relief.

3.850 Motion.
Oats raises the same issues before this Court that he did before the trial court. Postconviction motions cannot be used as a second appeal for issues that were or could have been raised on direct appeal. Parker v. State, 611 So.2d 1224 (Fla. 1992). We agree with the trial court that the alleged Caldwell violation and claims of error regarding the aggravators are procedurally barred.[1]
The trial court held an evidentiary hearing on the remaining issues. After listening to the witnesses and to the parties' argument, the court made extensive findings of fact and concluded that the issues had no merit. As to the issues relating to Oats' alleged lack of competency, the court stated:
The experts who originally evaluated the Defendant have not changed their opinions. The new facts and opinions which cause the original experts to equivocate about their original opinions have not been established by substantial, material evidence. Moreover, the Court has heard overwhelming evidence that the Defendant met the criteria for competency in 1981.
It is the trial court's duty to decide what weight should be given to conflicting testimony. Mason v. State, 597 So.2d 776 (Fla. 1992). The trial court's conclusion that Oats was competent at trial is supported by this record. Mason; see Rose v. State, 617 So.2d 291 (Fla.), cert. denied, ___ U.S. ___, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993).
To establish a claim of ineffective assistance by counsel, both deficient performance and prejudice caused by that deficient performance must be demonstrated. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Mills v. State, 603 So.2d 482 (Fla. 1992). The trial court specifically addressed each of Oats' claims of alleged ineffectiveness and found them to have no merit.[2] The trial judge properly applied the principles of Strickland v. Washington, and the record supports his conclusions. Therefore, we find no error in the trial court's denial of relief.

Habeas Corpus Petition
Oats filed a habeas corpus petition with this court in May 1989,[3] raising the following issues: 1) trial court erred in refusing to empanel a new jury; 2) the sentencing order does not provide a factual basis for the death penalty; 3) improper instruction on the heinous, atrocious aggravator under Maynard *22 v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988); 4) instructions improperly set out aggravators that could be considered; 5) the cold, calculated, and premeditated aggravating circumstance is vague; 6) the jury was misinformed as to the vote needed to recommend a penalty; 7) Caldwell violation; and 8) executing the mentally retarded is cruel and unusual punishment. As we have stated before: "Habeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal." Breedlove v. Singletary, 595 So.2d 8, 10 (Fla. 1992). Oats admits that he raised issues 1, 3, and 5 on direct appeal. These issues are, therefore, procedurally barred.[4] The same is true of the remaining issues because they could have been, but were not, raised on direct appeal.[5] Therefore, we deny the petition for writ of habeas corpus.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Oats failed to object on the basis of Caldwell, so that issue was not preserved for review. We fully considered the aggravators and the trial court's refusal to empanel a new jury on direct appeal. Any claims of counsels' ineffectiveness regarding the procedurally barred issues have no merit. See Medina v. State, 573 So.2d 293 (Fla. 1990).
[2] The court stated: "In sum, the Court finds the defendant has failed to establish any deficiency by counsel, or that he was prejudiced by counsel's conduct  regardless of whether such conduct was based on some strategy or no strategy  or to establish any objective evidence that undermines the Court's confidence in the trial or penalty proceedings."
[3] We held the habeas petition for consideration with the postconviction motion for relief.
[4] Oats filed Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), as supplemental authority, but any claim based on that case is procedurally barred because no objection was made at trial to the form of the instruction on the heinous, atrocious aggravator and any such claim would have no merit because the instruction given to Oats' jury defined the terms of that aggravator.
[5] Any allegations of appellate counsel's ineffectiveness have no merit.