THOMPSON, C.J.,
In 1996, Allen A. Hammett was charged by amended information with attempted second degree murder,[1] sexual battery on a physically helpless person,[2] lewd or lascivious act in the presence of a child,[3] and unlawful delivery of a cannabis to a minor.[4] Hammett entered a negotiated plea in exchange for the State’s recommendation that the trial court sentence him to the low end of the guidelines “regardless of the actual score” to be followed by 10 years probation. The trial court accepted the negotiated plea and Hammett was sentenced to 10.5 years, the minimum guidelines sentence, followed by 10 years probation. Later, Hammett sought to withdraw his plea. He argued that he expected to be sentenced to 7.5 years in the Department of Correction. Unfortunately, the state learned of his extensive criminal history in South Carolina, and the additional felony points resulted in a 10.5 year sentence under the guidelines. The trial court noted that Hammett and the state had negotiated a sentence at the low end of the guidelines, which is what Hammett received. Hammett appealed and this court affirmed his 10.5 year sentence. See Hammett v. State, 700 So.2d 21 (Fla. 5th DCA 1997).
In 2000, Hammett appealed the summary denial of his motion for post-convic *407 tion relief. In his appeal, he argued ineffective assistance of post-conviction counsel. Again, this court affirmed the trial court finding no merit to his claim. See Hammett v. State, 804 So.2d 522 (Fla. 5th DCA 2001). In this, his third appeal, Hammett appeals the trial court’s denial of his emergency petition for writ of habeas corpus. Hammett asserts that the trial court erred when it summarily denied his emergency petition for writ of habeas corpus without a hearing. In his petition, he alleged that the attorney who represented him in his post-conviction motion was ineffective for failing to argue that his initial trial attorney had a conflict. Since he should have been provided a conflict-free attorney, he argues his Sixth Amendment right had been violated in connection with his 1996 motion to withdraw his plea. The trial court denied his motion. We agree with the trial court; the appellant should have raised this issue in his direct appeal or in his previous postconviction motions. See Oats v. Dugger, 638 So.2d 20 (Fla.1994) (appellant is procedurally barred from presenting issues which could have been raised on direct appeal); see also Breedlove v. Singletary, 595 So.2d 8 (Fla.1992)(habeas corpus is not a second appeal and cannot be used to, litigate or relitigate issues which could or should have been raised on direct appeal).
AFFIRMED.
PETERSON and PALMER, JJ„ concur.

. § 782.04(2), Fla. Stat

. § 794.01 l(4)(a), Fla. Stat.

. § 800.04(4), Fla. Stat.

. § 893.13(4)(b), Fla. Stat.