PER CURIAM.
In 2001, the Legislature created section 921.137, Florida Statutes, which bars the imposition of death sentences on mentally retarded persons and establishes a method for determining which capital defendants are mentally retarded. The Criminal Procedure Rules Committee thereafter proposed new Rule of Criminal Procedure 3.203 to provide the necessary procedure to raise mental retardation as a bar to a death sentence under section 921.137.[1]
*565 In 2002, the United States Supreme Court decided Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), in which the Court held that the execution of the mentally-retarded constitutes excessive punishment under the Eighth Amendment and that the individual states are free to establish their own methods for determining which offenders are mentally retarded. Atkins was not decided at the time the rules committee proposed new rule 3.203. This Court thus deferred consideration of the committee’s proposal and stated that it would consider the proposal together with several eases pending in this Court that raise claims '- based on section 921.137 or Atkins. Amendments to Fla. Rules of Crim. Pro., 842 So.2d 110 (Fla.2003).
On its own motion, this Court proposed Florida Rule of Criminal Procedure 3.203 (Defendant’s/Prisoner’s Mental Retardation as a Bar to Execution) and Florida Rule of Appellate Procedure 9.142(c) (Appeal of Determination of Mental Retardation Claim). Rule 3.203, as proposed, was divided into three categories. The first *566 category was applicable to mental retardation claims that arose in all trials that began after the effective date of the rule— future cases. The second category applied to all trials that began on or before the effective date of the rule but where a sentence had not been imposed and affirmed on direct appeal on or before the effective date of the rule. — nonfinal cases. The final category applied to all trials in which a prisoner had been convicted of first-degree murder and sentenced to death and where the conviction and sentence had been affirmed on direct appeal on or before the effective date of the rule — final cases.' Rule 9.142(c) was proposed as an addition to Florida Rule of Appellate Procedure 9.142 to provide the procedure applicable to an appeal by the State, a defendant, or a prisoner of the trial court’s mental retardation determination. The proposed rules were published for comment in the May 15, 2003, edition of The Florida Bar News.
In response to the proposed rules, this Court received comments. Circuit Judge O.H. Eaton and the Criminal Court Steering Committee submitted proposed rules as a substitute for the rules proposed by this Court. We accept these comments and suggestions as being well advised and now adopt a rule which is primarily in the form adopted by Judge Eaton and the committee. We appreciate their work with respect to this issue.
In order that there may be time for the newly drafted rule to be disseminated and for there to be additional comments in response to this rule, we adopt Florida Rule of Criminal Procedure 3.203, effective October 1, 2004, as set forth in the appendix to this opinion. Any additional comments concerning the rule should be submitted to this Court no later than August 10, 2004.
To conform to the Florida Rules of Appellate Procedure, we also amend rule 9.140(c), relating to the State’s right to appeal a trial court’s finding of mental retardation, as set forth in the appendix to this opinion. New language added to rule 9.140(c) is indicated by underscoring; deletions are indicated by struck-through type.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, C.J., concurs.
CANTERO, J., concurs with an opinion, in which ANSTEAD, C.J., and PARIENTE, J., concur.

. Section 921.137, Florida Statutes (2003), provides:
(1) As used in this section, the term "mental retardation” means significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the period from conception to age 18. The term "significantly subaverage general intellectual functioning,” for the purpose of this section, means performance that is two or more standard deviations from the mean score on a standardized intelligence test specified in the rules of the Department of Children and Family Services. The term "adaptive behavior,” for the purpose of this definition, means the effectiveness or degree with which an individual meets the standards of personal independence and social responsibility expected of his or her *565 age, cultural group, and community: The Department of Children and Family Services shall adopt rules to specify the standardized intelligence tests as provided in this subsection.
(2) A sentence of death may not be imposed upon a defendant convicted of a capital felony if it is determined in accordance with this section that the defendant has mental retardation.
(3) A defendant charged with a capital felony who intends to raise mental retardation as a bar to the death sentence must give notice of such intention in accordance with the rules of court governing notices of intent to offer expert testimony regarding mental health mitigation during the penalty phase of a capital trial.
(4) After a defendant who has given notice of his or her intention to raise mental retardation as a bar to the death sentence is convicted of a capital felony and an advisory jury has returned a recommended sentence of death, the defendant may file a motion to determine whether the defendant has mental retardation. Upon receipt of the motion, the court shall appoint two experts in the field of mental retardation who shall evaluate the defendant and report their findings to the court and all interested parties prior to the final sentencing hearing. Notwithstanding s. 921.141 or s. 921.142, the final sentencing hearing shall be held without a jury. At the final sfen-tencing hearing, the court shall consider the findings of the court-appointed experts and consider the findings of any other expert which is offered by the state or the defense on the issue of whether the defendant has mental retardation. If the court finds, by clear and convincing evidence, that the defendant has mental retardation as defined in subsection (1), the court may not impose a sentence of death and shall enter a written order that sets forth with specificity the findings in support of the determination.
(5) If a defendant waives his or her right to a recommended sentence by an advisory jury following a plea of guilt or nolo con-tendere to a capital felony and adjudication of guilt by the court, or following a jury finding of guilt of a capital felony, upon acceptance of the waiver by the court, a defendant who has given notice as required in subsection (3) may file a motion for a determination of mental retardation. Upon granting the motion, the court shall proceed as provided in subsection (4).
(6) If, following a recommendation by an advisory jury that the defendant be sentenced to life imprisonment, the state intends to request the court to order that the defendant be sentenced to death, the state must inform the defendant of such request if the defendant has notified the court of his or her intent to raise mental retardation as a bar to the death sentence. After receipt of the notice from the state, the defendant may file a motion requesting a determination by the court that the defendant has mental retardation. Upon granting the motion, the court shall proceed as provided in subsection (4).
(7) The state may appeal, pursuant to s. 924.07, a determination of mental retardation made under subsection (4).
(8) This section does not apply to a defendant who was sentenced to death prior to the effective date of this act.