# Supreme Court of Florida

———————

No. SC17-68

———————

**SONNY BOY OATS, JR.,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[May 25, 2017]

PER CURIAM.

Sonny Boy Oats, Jr., was tried and convicted for the December 1979 robbery of a convenience store and first-degree murder of the store clerk. Oats v. State, 181 So. 3d 457, 460 (Fla. 2015). This Court affirmed Oats' conviction on direct appeal but held that the trial court erroneously found three aggravating factors and remanded to the trial court for entry of a new sentencing order. Oats v. State, 446 So. 2d 90, 95-96 (Fla. 1984). On remand, the trial court reweighed the valid aggravating factors and again imposed the death penalty, which this Court then affirmed. Oats v. State, 472 So. 2d 1143, 1145 (Fla.), cert. denied, 474 U.S. 865 (1985). This Court later affirmed the trial court's denial of Oats' initial motion for

postconviction relief and denied his petition for a writ of habeas corpus. <u>Oats v. Dugger</u>, 638 So. 2d 20, 20 (Fla. 1994).

In late 2015, pursuant to the United States Supreme Court's decision in <u>Hall v. Florida</u>, 134 S. Ct. 1986 (2014), this Court remanded Oats' case back to the circuit court for a new intellectual disability evidentiary hearing. <u>Oats</u>, 181 So. 3d at 471.[1] Following this Court's opinion in <u>Hurst v. State</u> (<u>Hurst</u>), 202 So. 3d 40 (Fla. 2016), <u>cert. denied</u>, No. 16-998 (U.S. May 22, 2017), on October 28, 2016, Oats filed a postconviction motion in the circuit court seeking relief under <u>Hurst</u>, which the circuit court held in abeyance pending the evidentiary hearing on Oats' <u>Hall</u> claim.

On January 17, 2017, Oats filed the current petition for a writ of habeas corpus and additionally filed a motion to stay the circuit court proceedings (on remand from this Court's 2015 decision).[2] In his petition, Oats contends that (1) he is entitled to have his death sentence vacated pursuant to <u>Hurst</u>, and (2) regardless, <u>Hurst</u> applies to cases involving <u>Hall</u> claims, like his, because the determination of whether a defendant is intellectually disabled is a fact that must be found by the

---

1. That hearing has now been scheduled for September 7, 2017.

2. We have jurisdiction. <u>See</u> art. V, § 3(b)(9), Fla. Const.

jury. For reasons more fully explained below, we conclude that Oats is not entitled

to relief. Accordingly, we deny Oats' petition.

## ANALYSIS

As to Oats' first claim, we conclude that Oats is not entitled to Hurst relief

because Hurst does not apply retroactively to Oats' sentence, which became final

in 1985. See Asay v. State, 210 So. 3d 1 (Fla. 2016), petition for cert. filed, No.

16-9033 (U.S. Apr. 29, 2017); see also Oats, 472 So. 2d 1143.

Next, we address Oats' claim that the United States Supreme Court's

decision in Hurst v. Florida and this Court's decision in Hurst require that the jury,

rather than the trial judge, determine intellectual disability. In granting Oats a new

hearing on his claim of intellectual disability, we concluded:

> [T]he circuit court erred in determining that Oats failed to establish
> onset of his intellectual disability prior to the age of 18. The evidence
> presented to the circuit court in fact strongly leads to the conclusion
> that Oats established both his low IQ and onset of an intellectual
> disability prior to the age of 18. However, because the circuit court
> did not analyze the remaining prongs, and because neither the circuit
> court nor the parties and their experts had the benefit of Hall, we
> remand for further proceedings consistent with this opinion, including
> providing the parties with an opportunity to present additional
> evidence at an evidentiary hearing to enable a full reevaluation of
> whether Oats is intellectually disabled.

Oats, 181 So. 3d at 471. Our instruction was clear that the new intellectual

disability hearing should be held before the trial court.

- 3 -

Pursuant to section 921.141, Florida Statutes (2016), once a defendant is convicted of first-degree murder, the minimum sentence is life imprisonment without parole. See § 921.141(3), Fla. Stat. (2016); Hurst, 202 So. 3d at 51. The trial then proceeds to the penalty phase where the jury ultimately determines whether the defendant should be sentenced to life imprisonment without parole or death. See Hurst, 202 So. 3d at 44.

In 2002, the United States Supreme Court decided Atkins v. Virginia, 536 U.S. 304 (2002), which held that the Eighth Amendment to the United States Constitution bars the execution of criminal defendants who are intellectually disabled. Id. at 321. Although Atkins held that the imposition of the death penalty against intellectually disabled individuals is unconstitutional, the United States Supreme Court left for the states "the task of developing appropriate ways to enforce the constitutional restriction" established in Atkins. Id. at 317.

In 2001, before Atkins, the Legislature enacted section 921.137, Florida Statutes, barring the execution of intellectually disabled defendants. See § 921.137(2), Fla. Stat. (2001). In 2004, after Atkins, this Court adopted Florida Rule of Criminal Procedure 3.203, which became effective on October 1, 2004, to provide a procedure for implementing Atkins and section 921.137. Amends. to Fla. Rules of Crim. P. & Fla. Rules of App. P., 875 So. 2d 563, 565 (Fla. 2004). Both the statute and the court rule provide for an evidentiary hearing to determine

intellectual disability to take place before the trial court.  <u>See</u> Fla. R. Crim. P. 3.203(e).

It is clear that the Florida Legislature designated the trial judge, not the jury, as the factfinder for intellectual disability determinations.  Intellectual disability is not a "necessary finding[] to impose a death sentence" but is, rather, the opposite— a fact that bars death.  <u>Hurst</u>, 202 So. 3d at 67.  Therefore, nothing from the United States Supreme Court's decisions in <u>Ring</u>, <u>Atkins</u>, <u>Hall</u>, or <u>Hurst v. Florida</u>, compel a conclusion either way on the issue of whether a judge or jury must determine that a criminal defendant is intellectually disabled.  Rather, the United States Supreme Court explicitly left the implementation of <u>Atkins</u> to the states.  Thus, Oats has not demonstrated that Florida's <u>Atkins</u> procedure, as set forth in section 921.137, is unconstitutional.  Accordingly, Oats is not entitled to relief on this claim.

## CONCLUSION

For the above reasons, Oats' petition for writ of habeas corpus is hereby denied.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and POLSTON, JJ., concur.
PARIENTE, J., concurs with an opinion.
LAWSON, J., concurs with an opinion, in which CANADY, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring.

I concur in the majority's holding that Oats is not entitled to a jury determination on his claim that he is intellectually disabled and therefore ineligible for execution. As to Oats' claim for relief under Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, No. 16-998 (U.S. May 22, 2017), based upon the trial court's failure to impanel a jury on resentencing, I concur in the majority opinion because I am bound by this Court's precedent in Asay v. State, 210 So. 3d 1 (Fla. 2016), petition for cert. filed, No. 16-9033 (U.S. Apr. 29, 2017). However, for the reasons fully expressed in my concurring in part and dissenting in part opinion in Asay, I would apply Hurst retroactively to Oats' sentence and, finding that the error is not harmless beyond a reasonable doubt, reverse for a new penalty phase. Id. at 32-38 (Pariente, J., concurring in part and dissenting in part). There are good reasons in Oats' case for doing so.

In 1981, Oats' original jury "rendered an advisory sentence of death." Oats v. State, 446 So. 2d 90, 92 (Fla. 1984). The jury's precise vote for life or death is unknown because the verdict form only indicated that at least a majority of the jury voted to recommend a sentence of death. On appeal, this Court struck three of the aggravating factors upon which the trial judge's sentencing determination relied: (1) that Oats had been previously convicted of a violent felony, (2) that the murder was especially heinous, atrocious, or cruel (HAC), and (3) that the murder was

committed for pecuniary gain. Id. at 94-95. "On remand, the trial court reweighed the valid aggravators and reimposed the death penalty." Oats v. State, 181 So. 3d 457, 460 (Fla. 2015).

Oats appealed, claiming in pertinent part "that the trial court erred in failing to impanel a jury to rehear evidence and to make a recommendation as to the proper sentence." Oats v. State, 472 So. 2d 1143, 1144-45 (Fla. 1985). This Court denied relief on this claim, stating that "[b]ecause a new jury would be considering essentially the same evidence as was presented to the original jury," there was "no reason to resubmit the evidence to a jury." Id. at 1145 (quoting Oats, 446 So. 2d at 96).

However, it was error for this Court not to have allowed jury resentencing in Oats' case after striking three of the aggravators, even under our pre-Hurst harmless error jurisprudence for errors in sentencing orders. See Kaczmar v. State, 104 So. 3d 990, 1008 (Fla. 2012); see also Wood v. State, 209 So. 3d 1217, 1234 (Fla. 2017). "Post-Hurst, this conclusion is even more compelling." Wood, 209 So. 3d at 1234.

Regardless of the error on resentencing, because this Court struck three of the six aggravating factors upon which the jury originally relied in recommending death, I cannot conclude that the error of submitting invalid aggravators to the jury is harmless beyond a reasonable doubt. See id. Nonetheless, because I am bound

by our precedent in <u>Asay</u>, I concur in denying Oats <u>Hurst</u> relief. Oats will not receive a new penalty phase. And because Oats is not entitled to a jury determination of intellectual disability, this case should be returned to the trial court to conduct the new hearing on intellectual disability, as previously ordered by this Court in <u>Oats</u>, 181 So. 3d at 471.

LAWSON, J., concurring.

I concur in the majority's holding that Oats is not entitled to a jury determination on his intellectual disability claim and concur in the result of the majority's holding that Oats is not entitled to relief under <u>Hurst</u>. <u>See</u> <u>Mosley v. State</u>, 209 So. 3d 1248, 1285 (Fla. 2016) (Canady, J., concurring in part and dissenting in part).

CANADY, J., concurs.

Original Proceeding – Habeas Corpus

Martin J. McClain, Special Assistant Capital Collateral Regional Counsel, and Nicole M. Noël, Assistant Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Vivian Singleton, Assistant Attorney General, Daytona Beach, Florida,

    for Respondent