PER CURIAM.
Sonny Boy Oats, Jr., was tried and convicted for the December 1979 robbery of a convenience store and first-degree murder of the store clerk. Oats v. State, 181 So.3d 457, 460 (Fla. 2015). This Court affirmed Oats’ conviction on direct appeal but held that the trial court erroneously found three aggravating factors and remanded to the trial court for entry of a new sentencing order. Oats v. State, 446 So.2d 90, 95-96 (Fla. 1984). On remand, the trial court reweighed the valid aggravating factors and again imposed the death penalty, which this Court then affirmed. Oats v. State, 472 So.2d 1143, 1145 (Fla.), cert. denied, 474 U.S. 865, 106 S.Ct. 188, 88 L.Ed.2d 157 (1985). This Court later affirmed the trial court’s denial of Oats’ initial motion for postconviction relief and denied his petition for a writ of habeas corpus. Oats v. Dugger, 638 So.2d 20, 20 (Fla. 1994).
In late 2015, pursuant to the United States Supreme Court’s decision in Hall v. Florida, — U.S.-, 134 S.Ct. 1986, 188 L.Ed.2d 1007 (2014), this Court remanded Oats’ case back to the circuit court for a new intellectual disability evidentiary hearing. Oats, 181 So.3d at 471.[1] Following this Court’s opinion in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, No. 16-998, 2017 WL 635999 (U.S. May 22, 2017), on October 28, 2016, Oats filed a postconviction motion in the circuit court seeking relief under Hurst, which the cir *1129 cuit court held in abeyance pending the evidentiary hearing on Oats’ Hall claim.
On January 17, 2017, Oats filed the current petition for a writ of habeas corpus and additionally filed a motion to stay the circuit court proceedings (on remand from this Court’s 2015 decision).[2] In his petition, Oats contends that (1) he is entitled to have his death sentence vacated pursuant to Hurst, and (2) regardless, Hurst applies to cases involving Hall claims, like his, because the determination of whether a defendant is intellectually disabled is a fact that must be found by the jury. For reasons more fully explained below, we conclude that Oats is not entitled to relief. Accordingly, we deny Oats’ petition.
ANALYSIS
As to Oats’ first claim, we conclude that Oats is not entitled to Hurst relief because Hurst does not apply retroactively to Oats’ sentence, which became final in 1985. See Asay v. State, 210 So.3d 1 (Fla. 2016), petition for cert. filed, No. 16-9033 (U.S. Apr. 29, 2017); see also Oats, 472 So.2d 1143.
Next, we address Oats’ claim that the United States Supreme Court’s decision in Hurst v. Florida and this Court’s decision in Hurst require that the jury, rather than the trial judge, determine intellectual disability. In granting Oats a new hearing on his claim of intellectual disability, we concluded:
[T]he circuit court erred in determining that Oats failed to establish onset of his intellectual disability prior to the age of 18. The evidence presented to the circuit court in fact strongly leads to the conclusion that Oats established both his low IQ and onset of an intellectual disability prior to the age of 18. However, because the circuit court did not analyze the remaining prongs, and because neither the circuit court nor the parties and their experts had the benefit of Hall, we remand for further proceedings consistent with this opinion, including providing the parties with an opportunity to present additional evidence at an eviden-tiary hearing to enable a full reevaluation of whether Oats is intellectually disabled.
Oats, 181 So.3d at 471. Our instruction was clear that the new intellectual disability hearing should be held before the trial court.
Pursuant to section 921.141, Florida Statutes (2016), once a defendant is convicted of first-degree murder, the minimum sentence is life imprisonment without parole. See § 921.141(3), Fla. Stat. (2016); Hurst, 202 So.3d at 51. The trial then proceeds to the penalty phase where the jury ultimately determines whether the defendant should be sentenced to life imprisonment without parole or death. See Hurst, 202 So.3d at 44.
In 2002, the United States Supreme Court decided Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), which held that the Eighth Amendment to the United States Constitution bars the execution of criminal defendants who are intellectually disabled. Id. at 321, 122 S.Ct. 2242. Although Atkins held that the imposition of the death penalty against intellectually disabled individuals is unconstitutional, the United States Supreme Court left for the states “the task of developing appropriate ways to enforce the constitutional restriction” established in Atkins. Id. at 317, 122 S.Ct. 2242.
In 2001, before Atkins, the Legislature enacted section 921.137, Florida Statutes, barring the execution of intellectually disabled defendants. See § 921.137(2), Fla. *1130 Stat. (2001). In 2004, after Atkins, this Court adopted Florida Rule of Criminal Procedure 3.203, which became effective on October 1, 2004, to provide a procedure for implementing Atkins and section 921,137. Amends, to Fla. Rules of Crim. P. & Fla. Rules of App. P., 875 So.2d 563, 565 (Fla. 2004). Both the statute and the court rule provide for an evidentiary hearing to determine intellectual disability to take place before the trial court. See Fla. R. Crim. P. 3.203(e).
It is clear that the Florida Legislature designated the trial judge, not the jury, as the factfinder for intellectual disability determinations. Intellectual disability is not a “necessary finding[] to impose a death sentence” b.ut is, rather, the opposite — a fact that bars death. Hurst, 202 So.3d at 67, Therefore, nothing from the United States Supreme Court’s decisions in Ring, Atkins, Hall, or Hurst v. Florida, compel a conclusion either way on the issue of whether a judge or jury must determine that a criminal defendant is intellectually disabled. Rather, the United States Supreme Court explicitly left the implementation of Atkins to the states. Thus, Oats has not demonstrated that Florida’s Atkins procedure, as set forth in section 921.137, is unconstitutional. Accordingly, Oats is not entitled to relief on this claim.
CONCLUSION
For the above reasons, Oats’ petition for writ of. habeas corpus is hereby denied.
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and POLSTON, JJ., concur.
PARIENTE, J., concurs with an opinion.' ■
LAWSON, J., concurs with an opinion, in which CANADY, J., concurs.

. That hearing has now been scheduled for September 7, 2017.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.