.PARIENTE, J.,
concurring.
I concur in the majority’s holding that Oats is not entitled to a jury determination on his claim that he is intellectually disabled and therefore ineligible for execution. As to Oats’ claim for relief under Hurst v. State (Hurst), 202 So,3d 40 (Fla. 2016), cert. denied, No. 16-998, 2017 WL 635999 (U.S, May 22, 2017), based upon the trial court’s failure to impanel a jury on resentencing, I concur in the majority opinion because I am bound by this Court’s precedent in Asay v. State, 210 So.3d 1 (Fla. 2016), petition for cert. filed, No. 16-9033 (U.S. Apr. 29, 2017). However, for the reasons fully expressed in my concurring in part and dissenting in part opinion in Asay, I would apply Hurst retroactively to Oats’ sentence and, finding that the error is not harmless beyond a reasonable doubt, reverse for a new penalty phase. Id. at 32-38 (Pariente, J., concurring in part and dissenting in, part). There are good reasons in Oats’ case for doing so. •
In 1981, Oats’ original jury “rendered an advisory sentence of death.” Oats v. State, 446 So.2d 90, 92 (Fla. 1984). The jury’s precise vote for life or death is unknown because the verdict form only indicated that at least a majority of the jury voted to recommend a sentence of death. On appeal, this Court struck three of the aggravating factors upon which the trial judge’s sentencing determination relied: (1) that Oats had been previously convicted of a violent felony, (2) that the murder was especially heinous, atrocious, or cruel (HAC), and (3) that the murder was committed for pecuniary gain. Id. at 94-95. “On remand, the trial court reweighed the valid aggravators and reimposed the death penalty.” Oats v. State, 181 So.3d 457, 460 (Fla. 2015).
*1131 Oats appealed, claiming in pertinent part “that the trial court érred in-failing to impanel a jury to rehear evidence and to make a recommendation as to the proper sentence.” Oats v. State, 472 So.2d 1143, 1144-45 (Fla. 1985). This Court denied relief on this claim,, stating that “[bjecause a new jury would be considering essentially the same evidence as was presented to the original jury,” there was “no reason to resubmit the evidence to a jury.” Id. at 1145 (quoting Oats, 446 So.2d at 96).
However, it was error for this Court not to have allowed jury resentencing in Oats’ case after striking three of the aggrava-tors, even under our pre-Hurst harmless error jurisprudence for errors in sentencing orders. See Kaczmar v. State, 104 So.3d 990, 1008 (Fla. 2012); see also Wood v. State, 209 So.3d 1217, 1234 (Fla. 2017). “Post-Hurst, this conclusion is even more compelling.” Wood, 209 So.3d at 1234.
Regardless of the error on resentencing, because this Court struck three of the six aggravating factors upon which the jury originally relied in recommending death, I cannot conclude that the- error of submitting invalid aggravators to the jury is harmless beyond a reasonable doubt. See id Nonetheless, because I am bound by our precedent in Asay, I concur in denying Oats Hurst relief. Oats will not receive a new penalty phase. And because Oats is not-entitled to-a jury .determination of intellectual- disability, this case should be returned to the trial court to conduct the new hearing on intellectual disability, as previously ordered by this Court in Oats, 181 So.3d at 471.