# Supreme Court of Florida

_____

No. SC18-243
_____

**MICHAEL DUANE ZACK, III,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

October 4, 2018

PER CURIAM.

This case is before the Court on appeal from an order denying a motion to vacate a sentence of death under Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Michael Duane Zack, III, was convicted for the 1996 sexual assault and murder of Ravonne Smith. We previously described the facts in *Zack v. State*, 753 So. 2d 9, 13-14 (Fla. 2000). We affirmed Zack's convictions and sentence. *Id.* at 26. His sentence became final on October 2, 2000, when the United States Supreme Court denied certiorari review. *Zack v. Florida*, 531 U.S. 858 (2000).

We affirmed the denial of Zack's initial motion for postconviction relief and his petition for a writ of habeas corpus in *Zack v. State*, 911 So. 2d 1190 (Fla. 2005). Zack raised a claim pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), in his successive motion for postconviction relief. The circuit court denied the claim without a hearing. This Court, relying on *Cherry v. State*, 781 So. 2d 1040 (Fla. 2000), held that Zack failed to demonstrate that his IQ was below 70. *Zack v. State*, 911 So. 2d 1190, 1202 (Fla. 2005). Additionally, we denied Zack's second petition for a writ of habeas corpus based on *Crawford v. Washington*, 541 U.S. 36 (2004). Zack then filed a second successive postconviction motion raising claims pursuant to *Hall v. Florida*, 134 S. Ct. 1986 (2014). We affirmed the circuit court's denial of that motion. *Zack v. State*, 228 So. 3d 41 (Fla. 2017). We also denied Zack's petition for a writ of habeas corpus claiming relief pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016). *Zack*, 228 So. 3d at 41.

Zack filed his third successive motion for postconviction relief on January 11, 2017, raising five claims. The circuit court summarily denied the motion, finding:

> The Supreme Court of Florida has held that *Hurst v. Florida* and *Hurst v. State* do not apply retroactively to any death sentence that became final prior to the issuance of the United States Supreme Court's June 24, 2002, opinion of *Ring v. Arizona*, 536 U.S. 584 (2002). *See Asay v. State*, 210 So. 3d 1 (Fla. 2016); *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016). It is uncontested that Defendant's sentence was final before *Ring* was decided.

. . . Consequently, the Court concludes that Defendant is not entitled to relief as to any of his present claims as each depends on a retroactive application of the *Hurst* decisions. Additionally, the Florida Supreme Court has recently addressed Defendant's fifth claim as it pertains to a jury finding of intellectual disability, and found it to be without merit.

(some citations omitted). Zack now appeals.

In a motion governed by rule 3.851, where a defendant makes a facially sufficient claim that requires a factual determination, the circuit court must hold an evidentiary hearing. *See Mann v. State*, 112 So. 3d 1158, 1161 (Fla. 2013). Nevertheless, "claims may be summarily denied when they are legally insufficient, should have been brought on direct appeal, or are positively refuted by the record." *Id.* (quoting *Marek v. State*, 8 So. 3d 1123, 1127 (Fla. 2009)). "Because a postconviction court's decision whether to grant an evidentiary hearing on a rule 3.851 motion is ultimately based on written materials before the court, its ruling is tantamount to a pure question of law, subject to de novo review." *Marek v. State*, 8 So. 3d 1123, 1127 (Fla. 2009).

Here, as a matter of law, Zack is not entitled to relief. *See Hitchcock v. State*, 226 So. 3d 216, 217 (Fla. 2017); *Oats v. Jones*, 220 So. 3d 1127 (Fla. 2017); *Asay v. State*, 224 So. 3d 695, 703 (Fla. 2017); *Asay v. State*, 210 So. 3d 1, 22 (Fla. 2016). We have previously addressed and rejected each of the claims presented. Zack has not provided a compelling argument for this Court to reconsider our

previous rulings. Accordingly, we affirm the circuit court's order summarily

denying Zack's claims.

It is so ordered.

PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ.,
concur.
CANADY, C.J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND,
IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Escambia County,
       Linda L. Nobles, Judge - Case No. 171996CF002517XXXAXX

Robert S. Friedman, Capital Collateral Regional Counsel, Dawn B. Macready and
Stacy Biggart, Assistant Capital Collateral Regional Counsel, Northern Region,
Tallahassee, Florida,

       for Appellant

Pamela Jo Bondi, Attorney General, and Charmaine M. Millsaps, Senior Assistant
Attorney General, Tallahassee, Florida,

       for Appellee