# Supreme Court of Florida

————

No. SC21-1185

————

**DAVID JOSEPH PITTMAN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

April 28, 2022

PER CURIAM.

David Joseph Pittman, a prisoner under sentence of death, appeals the circuit court's order summarily denying his third amended successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.851 and his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of relief.[1]

In 1991, Pittman was convicted of the first-degree murders of Clarence and Barbara Knowles, and their daughter Bonnie, two

---

1. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

counts of arson, and grand theft. *See Pittman v. State*, 646 So. 2d 167, 168-69 (Fla. 1994). Pittman was sentenced to death for each murder, and this Court affirmed his convictions and sentences. *Id.* His death sentences became final in 1995 when the United States Supreme Court denied certiorari review. *Pittman v. Florida*, 514 U.S. 1119 (1995). We also affirmed the denial of Pittman's initial postconviction motion and denied habeas relief. *Pittman v. State*, 90 So. 3d 794, 820 (Fla. 2011).

In 2015, Pittman filed his first successive postconviction motion. Following subsequent amendments,[2] Pittman's third amended successive postconviction motion[3] alleged that he is intellectually disabled and entitled to relief based on *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Hall v. Florida*, 572 U.S. 701 (2014). Pittman subsequently filed a rule 3.800(a) motion arguing that his death sentences are illegal because he has not received an evidentiary hearing on his intellectual disability claim. The circuit

---

2. Pittman did not appeal the denial of his prior successive 3.851 motions.

3. Pittman's motion was titled as his "second" amended motion, but it is his third amended motion.

court summarily denied Pittman's third amended successive postconviction motion, finding that his intellectual disability claim was untimely, and also denied his rule 3.800(a) motion.

We agree with the postconviction court that Pittman is not entitled to postconviction relief on his intellectual disability claim because that claim is untimely. As this Court stated in *Phillips v. State*, 299 So. 3d 1013 (Fla. 2020), *Hall* does not apply retroactively. Therefore, under the governing version of Florida Rule of Criminal Procedure 3.203, which this Court adopted in the wake of the Supreme Court's decision in *Atkins*, Pittman was required to raise his intellectual disability claim no later than 60 days after October 1, 2004. *See Amends. to Fla. Rules of Crim. Proc. & Fla. Rules of App. Proc.*, 875 So. 2d 563, 571 (Fla. 2004). To the extent Pittman argues that his IQ score of 70 from 2015 is newly discovered evidence, Pittman's motion was not timely because it was not filed within one year of the date upon which the claim became discoverable through due diligence. *See Dillbeck v. State*, 304 So. 3d 286, 288 (Fla. 2020). Record evidence refutes Pittman's claim that this information could not have been discovered prior to 2015.

Accordingly, we affirm the postconviction court's summary denial of Pittman's third amended successive postconviction motion and the denial of his rule 3.800(a) motion.[4]

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., dissenting.

In light of my dissent in *Phillips v. State*, 299 So 3d 1013 (Fla. 2020) (receding from *Walls v. State*, 213 So. 3d 340 (Fla. 2016), and holding that *Hall v. Florida*, 572 U.S. 701 (2014), does not apply retroactively), I dissent to the majority's decision to the extent that it affirms the summary denial of Pittman's third amended successive motion for postconviction relief.

An Appeal from the Circuit Court in and for Polk County,
Jalal A. Harb, Judge – Case No. 531990CF002242A1XXXX

---

4. We also reject without discussion Pittman's arguments that the circuit court erred in considering the State's motion to dismiss and in allowing arguments not noticed for the motion to dismiss hearing, *see Freeman v. State*, 300 So. 3d 591 (Fla. 2020), and his argument that his prior postconviction counsel was ineffective, *see Sweet v. State*, 293 So. 3d 448 (Fla. 2020).

Eric Pinkard, Capital Collateral Regional Counsel, Julissa R. Fontán, Heather A. Forgét, and Natalia C. Reyna-Pimiento, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Timothy A. Freeland, Senior Assistant Attorney General, Tampa, Florida,

    for Appellee